**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| EMERALD CASINO, INC., | ) | 02 B 22977 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | District Court No. 16-cv-00528 |
| FRANCES GECKER, not individually but solely as chapter 7 trustee for the bankruptcy estate of Emerald Casino, Inc., | ) ) ) | Hon. Rebecca R. Pallmeyer |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD F. FLYNN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OBJECTION TO PROPOSED ORDER APPROVING TRUSTEE'S
MOTION TO APPROVE SETTLEMENT AGREEMENT WITH
<u>THE ESTATE OF DONALD F. FLYNN</u>**

The Estate of Kevin F. Flynn (the "Kevin Flynn Estate") objects to the Proposed Order Approving Trustee's Motion to Approve Settlement Agreement with the Estate of Donald F. Flynn (Dkt. 3-1), because it attempts to cause this Court to declare future rights and obligations of non-parties to the settlement agreement that have not been litigated. Specifically, the Kevin Flynn Estate objects to paragraph 12 of the proposed order, on page 4. It is extraneous and should be stricken.

Paragraph 12 of the proposed order reads as follows:

> This Court has determined that the full amount of damages suffered by the Trustee is $272,000,000, and that each Defendant is liable for one-sixth of $272,000,000, or approximately

> $45,333,333.33, as stated in the September 30, 2014 Memorandum Opinion and Order at page 280. (Dkt. No. 285). In the event that it is hereafter determined that any or all of the Other Defendants are liable for all damages Emerald may be determined to have suffered, in the amount of $272,000,000 or any greater or lesser amount ("Total Damage Amount"), then in such event, the Total Damage Amount, plus any pre- or post-judgment interest and costs recoverable by the Trustee, shall be reduced by (i) the Settlement Payment plus (ii) the actual cash consideration the Trustee has received from any Other Defendant who has settled with the Trustee. In such event, nothing in the Settlement Agreement shall prevent the Trustee from collecting from any or all of the Other Defendants the Total Damage Amount reduced in accordance with the preceding sentence. For the avoidance of doubt, if any Other Defendant is judicially determined to be liable for some portion, but less than all, of the Total Damage Amount, consistent with how this Court has stated it will enter judgments against the Other Defendants in its decision at page 280, the Personal Representative's payment of the Settlement Amount will not reduce such judgment amount owed by any Other Defendant.

By proposing this language as part of an order approving a settlement between the Trustee and the Estate of Donald Flynn, the Trustee appears to be seeking a judicial declaration about the non-settling defendants' liability and the future of the Trustee's claims against them, and the rights and obligations between and among the settling defendant and non-settling defendants. The Trustee proposed similar forward-looking language in her Proposed Order Approving Trustee's Motion to Approve Settlement Agreement with the Walter P. Hanley. (Case No. 15-cv-10626, Dkt 1-3, Ex B.) The Estate of Donald Flynn and the Kevin Flynn Estate objected to the inclusion of such language in that proposed order (Dkt. 14), and the Court excluded that language from its Order Approving Trustee's Motion to Approve Settlement with Walter P. Hanley (Dkt. 16). The language of Paragraph 12 is similarly inappropriate and outside the scope of what is necessary in order to approve the settlement.

Because the non-settling defendants are not parties to the settlement agreement, and the case against them is still active, it is inappropriate to include language in the proposed order regarding the impact of the settlement between the Trustee and the Estate of Donald F. Flynn on the non-settling defendants. While judgment has now been entered against the non-settling defendants, four of the non-settling defendants have filed notices of appeal and the Trustee likewise has filed notices of cross-appeal with respect to each of the non-settling defendants. Until the case concludes, it is premature and speculative to declare the impact of the settlement on non-settling defendants. Subsequent proceedings in the case, affording all parties the opportunity to be heard, should determine the impact of the settlement on the non-settling defendants if and when disputes about its impact arise.

The language of Paragraph 12 appears to be written with an eye toward future arguments about this Court's holding that the defendants' liability is several, not joint. In its motion for reconsideration, the Trustee took issue with this Court's damages apportionment, arguing that each culpable defendant is liable for the entire $272 million damages award, not just one-sixth of it. (Case No. 11-cv-4714, Dkt. 319.) This Court denied the motion for reconsideration, noting that it never held that each liable defendant engaged in conduct that by itself caused Emerald Casino to lose its entire license and that it apportioned liability according to each defendant's fault, with no right of contribution. (Dkt. 375.) Thus, as it now stands, each of the liable defendants is individually liable for $45.3 million—one-sixth of $272 million—but not more.

It is inappropriate and unnecessary in the context of an order approving a settlement between the Trustee and the Estate of Donald F. Flynn to attempt to set forth the implications of the settlement for non-settling defendants. Subsequent court decisions mandating another method of damages apportionment, under a different legal theory, could affect the defendants' liability in

3

relation to the Trustee and each other. *See Donovan v. Robbins*, 752 F.2d 1170, 1180 (7th Cir. 1985) (Posner, J.) (observing that the legal effect of a settlement on non-settling defendants varies based on the rule applied); *see generally McDermott, Inc. v. AmClyde*, 511 U.S. 202 (1994) (discussing the effect of settlement on non-settling defendants under different approaches in the context of a maritime case). Accordingly, it is unnecessary and premature to attempt to determine the possible future impact of the settlement agreement on the non-settling Defendants.

Because it is impossible to determine the effect of the settlement with the Estate of Donald F. Flynn on the other defendants at this juncture, any language purporting to dictate, predict, or otherwise speak to that effect should be removed from the proposed order. Beyond that, such language is also unnecessary. The question before the Court is whether the settlement should be approved, and Paragraph 12 has nothing to do with that. The Trustee cannot prescribe the collateral implications of the settlement with the Estate of Donald F. Flynn; rather, the law will determine that as the rest of the case is resolved.

## CONCLUSION

This Court should strike Paragraph 12 on page 4 from the Proposed Order. This paragraph is extraneous and inappropriately attempts to bind this Court regarding the non-settling defendants' future rights and obligations.

                                            Respectfully submitted,

                                            SUSAN F. FLYNN, in her capacity as the personal representative of the Estate of Kevin F. Flynn

                                            By: */s/* Constantine L. Trela, Jr_____
                                                      One of her attorneys

                                            Constantine L. Trela, Jr.
                                            John N. Gallo
                                            Joseph R. Dosch
                                            SIDLEY AUSTIN LLP
                                            One South Dearborn
                                            Chicago, Illinois 60603
                                            Tel: 312-853-7000

Dated: February 8, 2016

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2016, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated: February 8, 2016                    Respectfully submitted,

                                             /s/ Constantine L. Trela, Jr.

                                             Constantine L. Trela, Jr.
                                             SIDLEY AUSTIN LLP
                                             One South Dearborn
                                             Chicago, IL 60603
                                             *Counsel for Defendant*
                                             *Estate of Kevin F. Flynn*